UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
RUSSEL HARRIS,                                        :
            Petitioner,                             :    MEMORANDUM
                                                      :    OPINION AND ORDER
     -against-                                      :
                                                      :    10 Civ. 2521 (SAS)
WILLIAM LEE,                                          :
            Respondent.                             :
------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        Russel Harris (the "Petitioner"), proceeding pro se, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on March 22, 2010 (the "Petition"). On March 22, 2010, and then again on July 22, 2010, the Court ordered Harris to submit an amended petition to show cause why his petition should not be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). In response, Petitioner filed an Amended Petition on August 11, 2010. Because the original Petition was not brought within one year from the date the factual predicate for Petitioner's claim could have been discovered, the Petition and the Amended Petition are hereby dismissed as untimely.

## I. BACKGROUND

        Petitioner alleges that on June 27, 1995, he was convicted in the Supreme Court of the State of New York, New York County, of charges including, *inter alia*, attempted murder.[1] Petitioner was sentenced to 48 years to life imprisonment.[2] The Appellate Division,

---

[1] Amended Petition ¶¶ 1, 3 & 5.

[2] *See id.* ¶ 4.

First Department, affirmed the conviction on March 30, 2000,[3] and the Court of Appeals denied leave to appeal on September 12, 2000.[4] Petitioner's conviction therefore became final on December 11, 2000, at the conclusion of the ninety-day period in which he could have sought review in the United States Supreme Court.[5]

## II. LEGAL STANDARDS

### A. Statute of Limitations

The AEDPA establishes a "1-year period of limitation" in connection with an application for a writ of habeas corpus "by a person in custody pursuant to the judgment of a State court."[6] Courts must calculate the relevant limitation period from the latest of four benchmark dates.[7] The relevant benchmark date for Petitioner's claim is "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence."[8]

---

[3] *See People v. De Los Angeles, et al.*, 707 N.Y.S.2d 16 (1st Dep't 2000).

[4] *See People v. Harris*, 95 N.Y.2d 890 (2000).

[5] *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (stating that the term "'direct review,' as used in Section 2244(d)(1)(A), includes direct review by the United States Supreme Court via writ of certiorari, and that the limitations period for state prisoners therefore begins to run only after the denial of certiorari or the expiration of time for seeking certiorari.").

[6] 28 U.S.C. § 2244(d).

[7] *Id.* § 2244(d)(1)(A)-(D).

[8] *Id.* § 2244(d)(1)(D). Petitioner makes no allegation that his original Petition was filed within one-year of the date that his conviction became final, *id.* at § 2244(d)(1)(A), the date when an impediment to filing was removed, *id.* at § 2244(d)(1)(B), or the date on which a constitutional right asserted in the Petition was initially recognized, *id.* at § 2244(d)(1)(C).

2

**B.     Timeliness Under the Newly Discovered Facts Rule**

Section 2244(d)(1)(D) provides that a petition can be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." "The proper task . . . is to determine when a duly diligent person in petitioner's circumstances would have discovered" the relevant facts.[9] Moreover, the limitations period in section 2244(d)(1)(D) runs "from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim."[10]

## III.    DISCUSSION

Petitioner argues that the time for filing his Petition should run from the date he obtained copies of three indictments that had been filed against him before he was finally convicted in 1995 under a fourth indictment. He challenges his conviction on the ground that "all the indictments were dismissed."[11] He argues that his Petition could not have been filed within the original one-year time period because "the police department and the [D]istrict Attorney's office refused to give up the documents for numerous months."[12]

---

[9] *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000).

[10] *Lucidore v. New York State Div. of Parole*, No. 99 Civ. 2936, 1999 WL 566362, at *5 (S.D.N.Y. Aug. 3, 1999) (quotation marks and citation omitted), *aff'd*, 209 F.3d 107 (2d Cir. 2000).

[11] Direct Appeal, Attachment to the Amended Petition, at 3 ("the drug sale [Petitioner] was arrested for was dismissed after six months and after two more new indictment numbers all the indictments were dismissed"). Because Petitioner has failed to allege that his Petition was filed within one year of any "newly discovered" facts, this Court need not reach the merits of this claim.

[12] *Id.* at 4.

Under the so-called "mailbox rule," the original Petition is deemed filed on December 28, 2009.[13] For it to have been timely under section 2244(d)(1)(D), Petitioner must allege that "the factual predicate of the claim . . . could [not] have been discovered" before December 28, 2008. As an initial matter, Petitioner fails to allege in his Amended Petition when he discovered the factual predicate for his claim. Petitioner also fails to allege that any "new" information about his earlier indictments could not have been discovered during the nearly fifteen-year period between 1993, when the first three indictments were filed, and December 28, 2008. Although Petitioner indicates that he made repeated requests for documents from various agencies beginning in September 2006, he does not explain why he waited until 2006 to do so.[14] The "bald and unsupported claim that facts [on which claims were based] could not have been known until 'now'" is insufficient.[15]

Furthermore, the 4/22/08 Schwartz Letter states that three of the four indictments sought by Petitioner were previously provided to him at his arraignments in 1993.[16] Petitioner then cites a December 4, 2007 letter from his former trial attorney wherein his attorney claims that he never had all of the indictments to which Petitioner referred. Finally, Petitioner annexes

---

[13] The "mailbox rule" provides that a pro se prisoner's habeas petition is deemed filed the moment he delivers it to prison officials for mailing. *See Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005); Rule 3(d) of the Rules Governing Habeas Cases Under Section 2254. Petitioner alleges that he gave his initial Petition to prison officials for mailing on December 28, 2009. *See* Petition at 6.

[14] *See* Letter from Assistant District Attorney Anne Schwartz to Harris, dated April 22, 2008 (the "4/22/08 Schwartz Letter"), Ex. A to the Amended Petition, at 1 ("This request is wholly redundant of the request you made in September 2006 seeking 'all records.'").

[15] *Sorce v. Artuz*, 73 F. Supp. 2d 292, 298 (E.D.N.Y. 1999).

[16] *See* 4/22/08 Schwartz Letter at 1-2.

a letter from the Supreme Court of the State of New York, which states that a copy of Indictment #10614-93 was mailed to him at Green Haven Correctional Facility on March 19, 2008.[17] Thus, the Amended Petition shows that at least some of the documents on which Petitioner relied were in his possession for more than one year before he filed the Petition. Without more, these allegations do not establish that Petitioner could not have discovered the factual predicate for his "dismissed indictments claim" before December 28, 2008.

Finally, the limitations period in section 2244(d)(1)(D) runs "from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim."[18] Assuming, as Petitioner argues, that the indictments he sought were withheld from him for a number of months, the one-year limitations period began to run when Petitioner was on notice of the *facts* supporting his claim, not when he obtained *copies* of the indictments. Petitioner has therefore failed to allege that his Petition was filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"[19] Accordingly, both the Petition and the Amended Petition are barred by the statute of limitations.

## IV. CONCLUSION

For the reasons set forth above, the Petition and the Amended Petition are hereby dismissed. As Petitioner has not made a substantial showing of the denial of a constitutional

---

[17] *See* Ex. C to the Amended Petition.

[18] *Lucidore*, 1999 WL 566362, at *5.

[19] 28 U.S.C. § 2244(d)(1)(D).

right, a Certificate of Appealability shall not issue.[20] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the instant Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.[21] The Clerk of Court is directed to dismiss these petitions and close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
September 23, 2010

---

[20] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quotation marks and citation omitted)). *Accord Middleton v. Attorneys Gen. of the States of New York and Pennsylvania*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

[21] *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

6

- Appearances -

**Petitioner (Pro Se):**

Russel Harris
# 95-A-4995
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582